UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT GALBRAITH, MELISSA MOSKO, DANA MCWHITE, KENNETH MCWHITE, ANTWANETT WILLIAMS, RAHWA GHIRMATZION, REBECCA WHIPPLE, NOLAN WHIPPLE, SUSAN GILLICK, FELICIA RICHARDSON, RICHARD RICHARDSON, and ABDUKADIR ABDULLAHI, on behalf of themselves and their respective minor children, and on behalf of a class of all persons similarly situated,<br><br>   *Plaintiffs*,<br><br>   v.<br><br>CITY OF BUFFALO, BUFFALO WATER BOARD, BUFFALO MUNICIPAL WATER FINANCE AUTHORITY, BYRON W. BROWN, in his official capacity as Mayor of Buffalo, OLUWOLE A. McFOY, in his official capacity as Chairman of the Buffalo Water Board, VEOLIA WATER NORTH AMERICA-NORTHEAST, LLC and VEOLIA NORTH AMERICA, LLC,<br><br>   *Defendants*. | Civil Action No. _____<br><br>**NOTICE OF REMOVAL**<br><br>Removed from:<br><br>Supreme Court of the State of New York, Erie County, Index No. 808737/2023 |

**PLEASE TAKE NOTICE THAT** Defendant Veolia Water North America-Northeast, LLC and Veolia North America, LLC (collectively, "Veolia"), by and through its undersigned counsel, removes the above-captioned action from the Supreme Court of the State of New York, Erie County, to the United States District Court for the Western District of New York, pursuant to 28 U.S.C. §§ 1441(a), 1446, and 1453, on the ground that federal jurisdiction exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A).

**I.      BACKGROUND**

1. On July 12, 2023, plaintiffs Robert Galbraith, Melissa Mosko, Dana McWhite, Kenneth McWhite, Antwanett Williams, Rahwa Ghirmatzion, Rebecca Whipple, Nolan Whipple, Susan Gillick, Felicia Richardson, Richard Richardson, and Abdukadir Abdullahi, individually and on behalf of their minor children and all others similarly situated, filed this action, captioned *Galbraith, et al. v. City of Buffalo, et al.*, in the Supreme Court of the State of New York, Index No. 808737/2023. A true and correct copy of plaintiffs' summons, complaint, and the notice of service received by Veolia are attached hereto as Exhibits 1, 2, and 3, respectively.

2. Veolia was served on July 21, 2023. *See* Ex. 3.

3. Plaintiffs bring nine causes of action against Veolia alleging entitlement to a declaratory judgment, violation of Art. I, § 19 of the New York Constitution (the Green Amendment), violation of New York General Business Law § 349, fraud, breach of express warranty, breach of implied warranties, breach of contract, negligent misrepresentation, and negligence. Ex. 2 ¶¶ 219-257, 289-332.

4. Plaintiffs seek to represent a class of "all residents of the City of Buffalo at any time between June 22, 2015 and the present." *Id.* ¶ 207.

5. Plaintiffs allege that "[w]hile [they] do not know the exact number of the members of the Class, hundreds of thousands of people have lived in the City of Buffalo at various times since June 2015 and each of those people are Class Members." *Id.* ¶ 210.

6. Plaintiffs seek declaratory relief, injunctive relief, and compensatory and consequential damages in an amount that they allege exceeds $160 million. *Id.* ¶ 10, p. 67.

7. Veolia has not yet filed an answer or responsive pleading to the complaint.

8.  By filing this notice of removal, Veolia does not waive, and expressly preserves, any and all of Veolia's available rights, arguments, defenses, or objections.

## II. CAFA'S JURISDICTIONAL REQUIREMENTS ARE SATISFIED

9.  CAFA sets forth at least three requirements to invoke federal jurisdiction: (1) a class action comprising 100 or more members, (2) in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and (3) in which the amount in controversy exceeds $5 million. *Haag v. Hyundai Motor Am.*, 330 F.R.D. 127, 129 n.1 (W.D.N.Y. 2019) (citing 28 U.S.C. § 1332(d)(2)(A), (d)(5)(B)). In addition, some courts consider it a requirement under CAFA to plead that not all of the primary defendants are states, state officials, or other government entities, while other courts consider this issue to be an exception to jurisdiction that need not be pleaded in the notice of removal.[1] *See id.* § 1332(d)(5)(A). The defendant bears the burden of establishing federal subject matter jurisdiction, but is not required to consider material outside of the complaint or other applicable documents. *Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 142, 145 (2d Cir. 2014). All four requirements are satisfied here.

---

[1] *Compare Frazier v. Pioneer Ams. LLC*, 455 F.3d 542, 546 (5th Cir. 2006) (characterizing § 1332(d)(5) as an "exception" to CAFA jurisdiction) *with Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020 n.3, 1022 (9th Cir. 2007) (disagreeing with the Fifth Circuit and finding that § 1332(d)(5) is a prerequisite, rather than an exception, to jurisdiction) *and Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006) (noting that the provisions of § 1332(d)(5) must be satisfied before CAFA applies to a class action). The Second Circuit has not directly addressed this issue. *See Law Offices of K.C. Okoli, P.C. v. BNB Bank, N.A.*, 481 F. App'x 622, 625 (2d Cir. 2012).

      **A.**      **This Case Is A Putative Class Action Comprising At Least 100 Members**

10. The action is a "class action" as defined in 28 U.S.C. § 1332(d)(1) and, as noted above, plaintiffs allege that there are "hundreds of thousands of people" in the putative class. Ex. 2 ¶ 210.

      **B.**      **Minimal Diversity Exists Pursuant To 28 U.S.C. § 1332(d)(2)(A)**

11. Defendant Veolia Water North America-Northeast, LLC is a citizen of Delaware and its principal place of business is in Massachusetts. Defendant Veolia North America, LLC is a citizen of Delaware and its principal place of business is in Massachusetts. Plaintiffs allege that they and the putative class members are New York residents. *Id.* ¶¶ 11-12, 14-20, 23-27, 210.

12. Accordingly, minimal diversity exists because at least one member of the putative class is a citizen of a different state than Veolia. *See* 28 U.S.C. § 1332(d)(2)(A).

      **C.**      **The Amount In Controversy Exceeds $5,000,000**

13. Under CAFA, the claims of the individual class members are aggregated to determine whether the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2), (d)(6). A party removing under CAFA need only "show that it appears to a reasonable probability that the aggregate claims of the plaintiff class are in excess of $5 million." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 58 (2d Cir. 2006) (internal quotation marks omitted).

14. While Veolia denies the claims alleged in plaintiffs' complaint and further denies that plaintiffs, or any putative class member, are entitled to any monetary or other relief, on a classwide basis or otherwise, the amount in controversy here satisfies the jurisdictional threshold. Plaintiffs seek compensatory and consequential damages of more than $160 million, which is well in excess of the $5 million threshold.

### D. Both Veolia Defendants Are Primary Defendants That Are Not Government Entities

15. CAFA may preclude removal when "the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." 28 U.S.C. § 1332(d)(5)(A). This provision applies only if "*all* primary defendants [are] states." *Frazier v. Pioneer Ams. LLC*, 455 F.3d 542, 546 (5th Cir. 2006) (emphasis added). Further, primary defendants are "those parties having a dominant relation to the subject matter of the controversy, in contrast to other defendants who played a secondary role by merely assisting in the alleged wrongdoing, or who are only vicariously liable." *McCracken v. Verisma Sys., Inc.*, 2017 WL 2080279, at *3 (W.D.N.Y. May 15, 2017) (internal quotation marks omitted).

16. Here, plaintiffs assert nine separate causes of action against Veolia and do not seek to hold Veolia indirectly or vicariously liable. *See* Ex. 2 ¶¶ 219-257, 289-332. Both Veolia defendants are therefore "primary defendants" within the meaning of CAFA. And because both Veolia defendants are private corporations, *see id.* ¶ 44, not all of the primary defendants are "States, State officials, or other government entities," 28 U.S.C. § 1332(d)(5)(A). Accordingly, § 1332(d)(5)(A) does not apply here.

\*   \*   \*   \*   \*

17. In sum, because this is (1) a putative class action comprising 100 or more members, (2) in which any member of the putative class is a citizen of a state different from Veolia's state of citizenship, (3) the aggregate amount of damages sought is in excess of $5 million, and (4) both Veolia defendants are primary defendants that are not government entities, this case falls within the subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 1332 and is therefore removable pursuant to 28 U.S.C. § 1441.

**III.     OTHER STATUTORY REQUIREMENTS FOR REMOVAL ARE SATISFIED**

18.     Plaintiffs filed this action in the Supreme Court of New York, Erie County.  Venue is proper in the United States District Court for the Western District of New York because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

19.     Neither Veolia nor any other defendant has previously moved to remove this case.

20.     As required by 28 U.S.C. § 1446(a), copies of all process and pleadings served upon Veolia are attached as exhibits hereto.

21.     This notice of removal is timely pursuant to 28 U.S.C. § 1446(b)(1) (requiring, as relevant here, that a notice of removal of a civil action be filed within 30 days after the defendant receives, "through service or otherwise," a copy of the summons and complaint); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

22.     As required by 28 U.S.C. § 1446(d), Veolia will promptly file a copy of this Notice of Removal with the Supreme Court of New York, Erie County, and serve copies of the same on all parties to this action.

WHEREFORE, Veolia respectfully removes this action from the Supreme Court of New York, Erie County, docketed at Index No. 808737/2023, to this Court.

DATED:  August 10, 2023                   Respectfully submitted,

/s/ *Jarman D. Russell*

Jarman D. Russell
Matthew D. Ingber*
Benjamin D. Bright*
Alina V. Artunian*
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 506-2500
mingber@mayerbrown.com

Archis A Parasharami*
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006-1101
(202) 263-3328
aparasharami@mayerbrown.com

**pro hac vice* motions pending*

*Attorneys for Defendants Veolia Water North America-Northeast, LLC and Veolia North America, LLC*

## **CERTIFICATE OF SERVICE**

Pursuant to Local Rule 81(a)(4), the undersigned certifies that on August 10, 2023, the foregoing Notice of Removal and attachments thereto were electronically filed with the Clerk of the Court using the CM/ECF system and that copies were sent by email and first-class U.S. mail to counsel for plaintiffs at the address and email address below:

Robert M. Corp
Joseph J. Manna
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
rcorp@lglaw.com

/s/ *Jarman D. Russell*
Jarman D. Russell
