

# Lipsitz Green Scime Cambria LLP

Attorneys at Law

42 Delaware Avenue, Suite 120, Buffalo, New York 14202-3924  **P** 716 849 1333  **F** 716 855 1580 (Not for Service)  www.lglaw.com

James T. Scime
Michael Schiavone
Richard P. Weisbeck, Jr.
Mark L. Stulmaker
Barry Nelson Covert
Robert L. Boreanaz
Thomas M. Mercure
John A. Collins
Michael P. Stuermer 2 3
Cherie L. Peterson
Joseph J. Manna
William P. Moore
Thomas C. Burnham
Jonathan W. Brown 3
Diane M. Perri Roberts
Matthew B. Morey
Max Humann
Justin D. Ginter
Dale J. Bauman 2 6
Melissa D. Wischerath 7
Jaime Michelle Cain 5
Sharon M. Heim
Paul J. Cieslik
Gregory P. Krull
Robert E. Ziske
Patrick J. Mackey 4
Erin McCampbell Paris
Lynn M. Bochenek
Richard A. Maltese, Jr.
Karoline R. Faltas-Peppes
Robert M. Corp 9
Taylor D. Golba
Amy C. Keller 8
Christopher R. Poole
Christina M. Croglio
Michael M. Kane
Alexander R. DiDonato
Brittany E. Morgan
Candace L. Morrison
Ryan C. Johnsen
Anthony R. Faraco, Jr.
Victoria E. Dailey
Miriam E. Trojanovic

OF COUNSEL
Paul J. Cambria, Jr. 1 5 5
Patrick C. O'Reilly
Herbert L. Greenman
Laraine Kelley
Joseph J. Gumkowski
George E. Riedel, Jr. 2

SPECIAL COUNSEL
Richard D. Furlong
Scott M. Schwartz
Robert A. Scalione 2

ALSO ADMITTED IN
1 District of Columbia
2 Florida
3 California
4 Illinois
5 Pennsylvania
6 New Jersey
7 Oregon
8 Massachusetts
9 Connecticut

March 13, 2024

<u>VIA CM/ECF</u>

The Honorable John L. Sinatra, Jr.
United States District Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, New York 14202

> Re:    <u>Galbraith, et al. v. City of Buffalo, et al.,</u>
> <u>Case No. 23-cv-814</u>

To The Honorable John L. Sinatra, Jr.:

We represent the named Plaintiffs, and the purported Class members, in the above-referenced litigation.  We write to request the Court's guidance relating to Plaintiffs' ongoing demand that discovery commence in this Action.

The parties have engaged in a meet and confer relating to Plaintiffs' demand that limited discovery begin immediately, during the pendency of Defendants' motion to dismiss briefing.  At the most recent meet and confer (on March 11, 2024), counsel for the Buffalo Defendants and the Veolia Defendants indicated that their respective clients will likely oppose any discovery prior to the Court's ruling on the motions to dismiss.  Counsel for each set of Defendants advised that they would take Plaintiffs' proposal for limited discovery under advisement.  That day, Plaintiffs sent Defendants a letter (attached as Exhibit A) outlining the narrow discovery that Plaintiffs seek at this time.

During the March 11, 2024 meet and confer, the Parties discussed Plaintiffs' interest in requesting that the Court set a date for a Rule 16 conference or a deadline for a Rule 16(b) scheduling order.  Such a deadline would trigger a deadline by which the Parties would be required to engage in a Rule 26(f) conference.

Plaintiffs are mindful of Defendants' upcoming motions to dismiss and do not disagree that the more burdensome and costly discovery necessary in this Action may be delayed until the motions to dismiss are resolved.  For those same reasons, Plaintiffs are willing to agree to postpone the Rule 26(f) conference if Defendants are willing to agree to the limited discovery that was proposed to Defendants in the March 11th letter and which is laid out below.  The law is well-settled that a motion to dismiss in federal court does not result in an automatic stay of discovery.

Our willingness to agree to delay the 26(f) conference is predicated on Defendants producing the following documents:

1



## Lipsitz Green Scime Cambria LLP

1. All agreements between the City of Buffalo, the Buffalo Water Board, and/or the Buffalo Municipal Water Finance Authority (and any other parties), and amendments thereto, including the 1992 Operation Agreement between the City of Buffalo and the Buffalo Water Board, the 1997 Amendment to that Operation Agreement, and any other agreements or amendments, and the 1992 Financing Agreement between the City of Buffalo and the Buffalo Municipal Water Finance Authority, the 1997 Amendment to the Financing Agreement and any other agreements or amendments.

2. All documents and communications related to the negotiation of the 2010 Agreement and the 2020 Agreement between the Buffalo Water Board and/or the City of Buffalo and Veolia Water North America-Northeast, LLC, Veolia North America, LLC, including the Agreements, and any amendment thereto;

3. All documents and communications between the Buffalo Water Board and/or the City of Buffalo and Veolia Water North America-Northeast, LLC, Veolia North America, LLC, or any other subsidiary of Veolia ("Veolia") related to: the decision to stop using sodium fluoride to fluoridate Buffalo's water, the decision to stop fluoridating Buffalo's water, discussions about how/if to notify the public about the decision to stop fluoridating Buffalo's water (including any discussion of New York State Public Health Law Section 1100-A), the impact of the Flint, Michigan water crisis on the decision to stop fluoridating Buffalo's water, discussions related to the timeline for re-commencing fluoridation of Buffalo's water, and the impact of COVID on fluoridation of Buffalo's water;

4. All documents and communications in possession of the City of Buffalo or the Buffalo Water Board related to fluoride or community water fluoridation, including, but not limited to, the decision to stop using sodium fluoride to fluoridate Buffalo's water, the decision to stop fluoridating Buffalo's water, discussions about how/if to notify the public about the decision to stop fluoridating Buffalo's water (including any discussion of New York State Public Health Law Section 1100-A), discussions related to the timeline for re-commencing fluoridation of Buffalo's water, the impact of COVID on fluoridation of Buffalo's water;

5. All documents and communications between Veolia, the Buffalo Water Board and/or the City of Buffalo and any party related to the study of fluoride or fluoridation, including, but not limited to documents related to the commission of any study of the effect of fluoride (including fluorosilicic acid and/or sodium fluoride) on Buffalo's water supply, communications related to those studies, and all results, discussions, and explanations of those studies, including the study (or studies) by the University of Buffalo Department of Civil, Structural, and Environmental Engineering conducted on behalf of or in conjunction with any of the Defendants relating to these issues;

2



## Lipsitz Green Scime Cambria LLP

6. All documents and communications between Veolia, Buffalo Water Board and/or the City of Buffalo and any private citizens advocating for or against community water fluoridation, including communications with or from members of the Fluoride Action Network or other activist organizations, including, but not limited to, members of those organizations, such as Dr. Paul Connett, Michael Connett, Stuart Cooper, Carol Koph, Dr. Joseph Mercola, and Dr. Robert "Bob" Dickson; and

7. All documents and communications related to the health benefits and impacts of community water fluoridation and the impact of removing fluoride from a community's water, or Buffalo's water specifically.

Our position is that these limited categories demand only a narrow set of readily identifiable materials. As such, these demands are not burdensome or costly.

The Defendants should be able to produce the following documents by Friday, March 22:

- The 1992 Operation Agreement between the City of Buffalo and the Buffalo Water Board and any amendments to that Agreement;
- Any other agreements between the City of Buffalo and the Buffalo Water Board and any amendments to such Agreements;
- The 1997 Financing Agreement between the City of Buffalo and the Buffalo Municipal Water Finance Authority and any amendments to that Agreement;
- Any other agreements between the City of Buffalo and the Buffalo Water Board and any amendments to such Agreements;
- The 2010 Agreement between any of the Buffalo Defendants and any of the Veolia Defendants, and any amendments to that Agreement;
- The 2020 Agreement between any of the Buffalo Defendants and any of the Veolia Defendants, and any amendments to that Agreement;
- Any other agreements between any of the Buffalo Defendants and any of the Veolia Defendants; and
- The report and results (finalized in 2019 or 2020) of the study conducted by the UB Department of Civil, Structural and Environmental Engineering (including Dr. Rabideau, Dr. Dai, and Mr. Kralles) relating to the effect of fluoride on lead pipe leaching relating to Buffalo's drinking water system.

The remainder of the requested material should be produced by Friday, April 12.

Defendants have not yet responded to Plaintiffs' proposal. During today's status conference, Plaintiffs will request that the Court order Defendants to produce the material outlined herein on the schedule proposed herein. In the alternative, the Plaintiffs will request that the Court set a deadline under Rule 16 and order the parties to participate in a Rule 26(f) conference as soon as possible.

3



# Lipsitz Green Scime Cambria LLP

We thank the Court for considering this request.

Very truly yours,

**Lipsitz Green Scime Cambria LLP**

By:

_/s/ Robert M. Corp_____
                Robert M. Corp, Esq.

cc:    All Counsel of Record

4

# EXHIBIT A



# Lipsitz Green Scime Cambria LLP

**Attorneys at Law**

42 Delaware Avenue, Suite 120, Buffalo, New York 14202-3924  **P** 716 849 1333  **F** 716 855 1580 (Not for Service)  www.lglaw.com

James T. Scime
Michael Schiavone
Richard P. Weisbeck, Jr.
Mark L. Stulmaker
Barry Nelson Covert
Robert L. Boreanaz
Thomas M. Mercure
John A. Collins
Michael P. Stuermer [2,3]
Cherie L. Peterson
Joseph J. Manna
William P. Moore
Thomas C. Burnham
Jonathan W. Brown [3]
Diane M. Perri Roberts
Matthew B. Morey
Max Humann
Justin D. Ginter
Dale J. Bauman [2,6]
Melissa D. Wischerath [7]
Jaime Michelle Cain [5]
Sharon M. Heim
Paul J. Cieslik
Gregory P. Krull
Robert E. Ziske
Patrick J. Mackey [4]
Erin McCampbell Paris
Lynn M. Bochenek
Richard A. Maltese, Jr.
Karoline R. Faltas-Peppes
Robert M. Corp [9]
Taylor D. Golba
Amy C. Keller [8]
Christopher R. Poole
Christina M. Croglio
Michael M. Kane
Alexander R. DiDonato
Brittany E. Morgan
Candace L. Morrison
Ryan C. Johnsen
Anthony R. Faraco, Jr.
Victoria E. Dailey
Miriam E. Trojanovic

**OF COUNSEL**
Paul J. Cambria, Jr. [1,5,5]
Patrick C. O'Reilly
Herbert L. Greenman
Laraine Kelley
Joseph J. Gumkowski
George E. Riedel, Jr. [2]

**SPECIAL COUNSEL**
Richard D. Furlong
Scott M. Schwartz
Robert A. Scalione [2]

**ALSO ADMITTED IN**
1  District of Columbia
2  Florida
3  California
4  Illinois
5  Pennsylvania
6  New Jersey
7  Oregon
8  Massachusetts
9  Connecticut

March 11, 2024

<u>VIA email</u>
Matthew D. Ingber, Esq.
Benjamin D. Bright, Esq.
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020
mingber@mayerbrown.com
bbright@mayerbrown.com
*Attorneys for Veolia Defendants*

Kevin D. Szczepanski, Esq.
Charles C. Martorana, Esq.
Barclay Damon LLP
200 Delaware Avenue
Buffalo, NY 14202
kszczepanski@barclaydamon.com
cmartorana@barclaydamon.com
*Attorneys for Buffalo Defendants*

Re:    <u>Galbraith, et al. v. City of Buffalo, et al., Case No. 23-cv-814</u>

All,

As you are aware, we represent the named Plaintiffs and the purported class members in the above-referenced litigation.  This letter reflects our continuing effort to meet and confer in good faith related to the open issues between the parties.

On March 11, 2024, the Veolia Defendants informed us of the intention of Defendants to "file a motion to strike the class allegations in the district court under Rules 12(f) and 23(d)."  Our position is that a motion under 12(f) is not timely; the Defendants has 21 days from the date of the Court's February 12, 2024 ruling to file a Rule 12(f) motion. On March 4, 2024, the Court entered an Order setting the deadline for motions to dismiss.  The Parties did not contemplate any extension of the deadline relating to any motion to strike and the Court's March 4th Order does not provide any such extension. Nonetheless, we agree to your proposed briefing schedule relating to your anticipated motion.

As we discussed during the meet and confer process relating to the Parties' March 1, 2024 Status Report, and as we discussed during today's meet and confer, discovery (at least in a limited capacity) must go forward during the pendency of the motion to dismiss application.  As you know, the filing of a Rule 12(b)(6) motion to dismiss does not automatically stay discovery or require postponing a Rule 26(f) conference until the motion is resolved.



# Lipsitz Green Scime Cambria LLP

During today's meet and confer, we discussed the demand my firm made in an email earlier today for a Rule 26(f) conference. If Defendants are willing to consent to limited, narrow discovery at this stage, we are willing to agree to delay the Rule 26(f) conference until after the motion to dismiss application is resolved. Otherwise, we demand that the Rule 26(f) conference go forward as soon as possible. We are available Wednesday, Thursday, and Friday for a 26(f) conference, if necessary.

Our willingness to agree to delay the 26(f) conference is predicated on Defendants producing the following documents:

1. All agreements between the City of Buffalo, the Buffalo Water Board, and/or the Buffalo Municipal Water Finance Authority (and any other parties), and amendments thereto, including the 1992 Operation Agreement between the City of Buffalo and the Buffalo Water Board, the 1997 Amendment to that Operation Agreement, and any other agreements or amendments, and the 1992 Financing Agreement between the City of Buffalo and the Buffalo Municipal Water Finance Authority, the 1997 Amendment to the Financing Agreement and any other agreements or amendments.

2. All documents and communications related to the negotiation of the 2010 Agreement and the 2020 Agreement between the Buffalo Water Board and/or the City of Buffalo and Veolia Water North America-Northeast, LLC, Veolia North America, LLC, including the Agreements, and any amendment thereto;

3. All documents and communications between the Buffalo Water Board and/or the City of Buffalo and Veolia Water North America-Northeast, LLC, Veolia North America, LLC, or any other subsidiary of Veolia ("Veolia") related to: the decision to stop using sodium fluoride to fluoridate Buffalo's water, the decision to stop fluoridating Buffalo's water, discussions about how/if to notify the public about the decision to stop fluoridating Buffalo's water (including any discussion of New York State Public Health Law Section 1100-A), the impact of the Flint, Michigan water crisis on the decision to stop fluoridating Buffalo's water, discussions related to the timeline for re-commencing fluoridation of Buffalo's water, and the impact of COVID on fluoridation of Buffalo's water;

4. All documents and communications in possession of the City of Buffalo or the Buffalo Water Board related to fluoride or community water fluoridation, including, but not limited to, the decision to stop using sodium fluoride to fluoridate Buffalo's water, the decision to stop fluoridating Buffalo's water, discussions about how/if to notify the public about the decision to stop fluoridating Buffalo's water (including any discussion of New York State Public Health Law Section 1100-A), discussions related to the timeline for re-commencing fluoridation of Buffalo's water, the impact of COVID on fluoridation of Buffalo's water;



# Lipsitz Green Scime Cambria LLP

5.      All documents and communications between Veolia, the Buffalo Water Board and/or the City of Buffalo and any party related to the study of fluoride or fluoridation, including, but not limited to documents related to the commission of any study of the effect of fluoride (including fluorosilicic acid and/or sodium fluoride) on Buffalo's water supply, communications related to those studies, and all results, discussions, and explanations of those studies, including the study (or studies) by the University of Buffalo Department of Civil, Structural, and Environmental Engineering conducted on behalf of or in conjunction with any of the Defendants relating to these issues;

6.      All documents and communications between Veolia, Buffalo Water Board and/or the City of Buffalo and any private citizens advocating for or against community water fluoridation, including communications with or from members of the Fluoride Action Network or other activist organizations, including, but not limited to, members of those organizations, such as Dr. Paul Connett, Michael Connett, Stuart Cooper, Carol Koph, Dr. Joseph Mercola, and Dr. Robert "Bob" Dickson; and

7.      All documents and communications related to the health benefits and impacts of community water fluoridation and the impact of removing fluoride from a community's water, or Buffalo's water specifically.

Our position is that these limited categories demand only a narrow set of readily identifiable materials.  As such, these demands are not burdensome or costly.

The Defendants should be able to produce the following documents by Friday, March 22:

- The 1992 Operation Agreement between the City of Buffalo and the Buffalo Water Board and any amendments to that Agreement;

- Any other agreements between the City of Buffalo and the Buffalo Water Board and any amendments to such Agreements;

- The 1997 Financing Agreement between the City of Buffalo and the Buffalo Municipal Water Finance Authority and any amendments to that Agreement;

- Any other agreements between the City of Buffalo and the Buffalo Water Board and any amendments to such Agreements;

- The 2010 Agreement between any of the Buffalo Defendants and any of the Veolia Defendants, and any amendments to that Agreement;

- The 2020 Agreement between any of the Buffalo Defendants and any of the Veolia Defendants, and any amendments to that Agreement;



# Lipsitz Green Scime Cambria LLP

- Any other agreements between any of the Buffalo Defendants and any of the Veolia Defendants; and

- The report and results (finalized in 2019 or 2020) of the study conducted by the UB Department of Civil, Structural and Environmental Engineering (including Dr. Rabideau, Dr. Dai, and Mr. Kralles) relating to the effect of fluoride on lead pipe leaching relating to Buffalo's drinking water system.

The remainder of the requested material should be produced by Friday, April 12.

Please let us know if you agree with this proposal.  Otherwise, please provide dates later this week for a Rule 26(f) conference.

Very truly yours,

**Lipsitz Green Scime Cambria LLP**

By:

/s/          *Robert M. Corp*

Robert M. Corp, Esq.

