

Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
United States of America

T: +1 212 506 2500
F: +1 212 262 1910

mayerbrown.com

**Matthew D. Ingber**
Partner
T: +1 212 506 2373
F: +1 212 849 5973
MIngber@mayerbrown.com

March 19, 2024

VIA CM/ECF

The Honorable John L. Sinatra, Jr.
United States District Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, New York 14202

Re:     *Galbraith, et al. v. City of Buffalo, et al.*,
          Case No. 23-cv-814

Dear Judge Sinatra:

We represent Veolia Water North America-Northeast, LLC and Veolia North America, LLC in this case. As the Court is aware, on March 8, 2024 plaintiffs filed a notice of appeal of the Court's order denying plaintiffs' motion to remand pursuant to 28 U.S.C. § 1291. Dkt. 31. We write to inform the Court that the Second Circuit docketed plaintiffs' appeal this morning at Case No. 24-548, and that the Veolia defendants have filed a motion to dismiss the appeal for lack of appellate jurisdiction. For the Court's convenience, the motion to dismiss the appeal is attached to this letter.

Respectfully,

**Mayer Brown LLP**

By:        */s/ Matthew D. Ingber*
                   Matthew D. Ingber

cc:     All Counsel of Record

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England & Wales), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian law partnership).

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

**Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

**MOTION INFORMATION STATEMENT**

Docket Number(s): _24-548_                                              _____ Caption [use short title] _____

Motion for: _Dismissal of Plaintiffs-Appellants' Appeal_

_____

_____

Set forth below precise, complete statement of relief sought:

_Plaintiffs-Appellants bring this appeal_                          ## Galbraith, et al. v. City of Buffalo, et al.

_challenging the district court's order denying_

_remand of this case to state court. The Veolia_

_Appellees seek dismissal for lack of appellate_

_jurisdiction._

_____

MOVING PARTY: _The Veolia Appellees_                    OPPOSING PARTY: _Plaintiffs-Appellants_

☐ Plaintiff                    ☐ Defendant

☐ Appellant/Petitioner    ☑ Appellee/Respondent

MOVING ATTORNEY: _Matthew D. Ingber_          OPPOSING ATTORNEY: _Robert M. Corp_

[name of attorney, with firm, address, phone number and e-mail]

_Mayer Brown LLP, 1221 Avenue of the Americas_    _Lipsitz Green Scime Cambria, LLP, 42 Delaware Ave.,_

_New York, NY 10020, (212) 506-2500,_                    _Suite 120, Buffalo, NY, (716) 849-1333, ext. 314_

_mingber@mayerbrown.com_                                  _rcorp@lglaw.com_

Court-Judge/ Agency appealed from: _U.S. District Court for the Western District of New York (Sinatra, J.)_

**Please check appropriate boxes:**                          **FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**

Has movant notified opposing counsel (required by Local Rule 27.1):    Has this request for relief been made below?    ☐ Yes ☐ No
☑ Yes  ☐ No (explain): _____    Has this relief been previously sought in this court?  ☐ Yes ☐ No
_____    Requested return date and explanation of emergency: _____

Opposing counsel's position on motion:                    _____
☐ Unopposed ☑ Opposed ☐ Don't Know              _____
Does opposing counsel intend to file a response:          _____
☑ Yes  ☐ No  ☐ Don't Know                              _____

Is oral argument on motion requested?   ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes ☑ No  If yes, enter date: _____

**Signature of Moving Attorney:**

_Matthew D. Ingber_            Date: _March 19, 2024_   Service by: ☑ CM/ECF   ☐ Other [Attach proof of service]

**Form T-1080** (rev.12-13)

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

ROBERT GALBRAITH and MELISSA MOSKO, DANA McWHITE and KENNETH MCWHITE, ANTWANETT WILLIAMS, RAHWA GHIRMATZION, REBECCA WHIPPLE and NOLAN WHIPPLE, SUSAN GILLICK, FELICIA RICHARDSON and RICHARD RICHARDSON, and ABDUKADIR ABDULLAHI, on behalf of themselves and their respective minor children, and on behalf of a class of all persons similarly situated,

              Plaintiffs-Appellants,

        v.

CITY OF BUFFALO, BUFFALO WATER BOARD, BUFFALO MUNICIPAL WATER FINANCE AUTHORITY, BYRON W. BROWN, in his official capacity as Mayor of Buffalo, OLUWOLE A. MCFOY, in his official capacity as Chairman of the Buffalo Water Board, VEOLIA WATER NORTH AMERICA-NORTHEAST, LLC, and VEOLIA NORTH AMERICA, LLC,

              Defendants-Appellees.

Case No. 24-548

## VEOLIA APPELLEES' MOTION TO DISMISS THE APPEAL

Defendants-Appellees Veolia Water North America-Northeast, LLC and Veolia North America, LLC (Veolia) respectfully move to dismiss this appeal for lack of appellate jurisdiction. Plaintiffs-Appellants have attempted to appeal from an interlocutory order denying remand of a case to state court. As explained below, an order *denying* remand—and thus allowing the case to proceed in federal court—is not a final decision subject to appeal under 28 U.S.C. § 1291—the lone basis for jurisdiction invoked by Plaintiffs in their notice of appeal. As required by this Court's Local Rule 27.1, Veolia notified Plaintiffs' counsel that Veolia would be filing this motion. Plaintiffs refused to dismiss their appeal and intend to file a response to this motion.

## CORPORATE DISCLOSURE STATEMENTS

Pursuant to Federal Rule of Appellate Procedure 26.1, Defendants state as follows:

Veolia Water North America-Northeast, LLC is a wholly owned subsidiary of Veolia Water Municipal Services North America, LLC. Veolia Water Municipal Services North America, LLC is a wholly owned subsidiary of Veolia Water North America Operating Services, LLC. Veolia Water North America Operating Services, LLC is a wholly owned

subsidiary of WASCO LLC. WASCO LLC is a wholly owned subsidiary of Veolia North America, Inc. Veolia North America, Inc. is a wholly owned indirect subsidiary of Veolia Environnement S.A, a publicly held company. No publicly held company owns 10% or more of the stock of Veolia Environnement S.A.

Veolia North America, LLC is a wholly owned subsidiary of Veolia North America, Inc. Veolia North America, Inc. is a wholly owned indirect subsidiary of Veolia Environnement S.A, a publicly held company. No publicly held company owns 10% or more of the stock of Veolia Environnement S.A.

## BACKGROUND

Plaintiffs filed their class action complaint in the Supreme Court of the State of New York, Erie County, on July 12, 2023, and served the summons and complaint on Veolia on July 21, 2023. *See* Notice of Removal, *Galbraith, et al. v. City of Buffalo, et al.*, No. 1:23-cv-00814 (W.D.N.Y. Aug. 10, 2023) (Dkt. 1 in the District Court). On August 10, 2023, the Veolia Defendants removed this action to the Western District of New York under the Class Action Fairness Act (CAFA). *Id.*

3

On October 13, 2023, Plaintiffs filed a motion to remand to state court, arguing that one of the exceptions to jurisdiction under CAFA applied. *See* Motion to Remand (Dkt. 18 in the District Court). The district court held a hearing on the motion, and subsequently, on February 12, 2024, the court denied Plaintiffs' motion, explaining in a detailed order that the prerequisites for CAFA removal had been satisfied and that no CAFA exception applies. *See* Remand Order (Dkt. 26 in the District Court).

Plaintiffs filed a notice of appeal on March 8, 2024. *See* Notice of Appeal (Dkt. 1 in this Court and Dkt. 31 in the District Court). The notice of appeal relies on cases citing 28 U.S.C. § 1291 as the basis for appellate jurisdiction. *Id.*; *see also* Status Report (Dkt. 28 in the District Court).

## ARGUMENT

This Court should dismiss the appeal for lack of appellate jurisdiction. Orders denying remand are interlocutory orders rather than "final decisions of the district courts of the United States." 28 U.S.C. § 1291. Accordingly, they are not immediately appealable.

The Supreme Court has long held that "[a]n order denying a motion to remand, 'standing alone,' is '[o]bviously … not final and [immediately]

4

appealable' as of right." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996) (quoting *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574 (1954)).  The courts of appeals have similarly rejected the assertion that an order denying remand under CAFA is final and appealable. *See, e.g., Baker v. Meiling,* 2021 WL 1929151, at \*1 (9th Cir. Feb. 16, 2021) (holding that "a notice of appeal from the district court's … order denying appellant's motion to remand an action removed under [CAFA]" was improper because "[t]he challenged order … is neither final nor immediately appealable as of right."); *Black Fire Fighters Ass'n, Inc. of Dallas, Texas v. City of Dallas, Texas,* 233 F. App'x 386, 387 (5th Cir. 2007) ("A motion denying remand is not a final judgment subject to review under 28 U.S.C. § 1291.").

While orders denying remand are not appealable as of right, when Congress enacted CAFA, it allowed parties to seek permission to appeal an order denying remand. *See* 28 U.S.C. § 1453(c)(1); *BlackRock Fin. Mgmt. Inc. v. Segregated Accounts of Ambac Assurance Corp.*, 673 F.3d 169, 175-76 (2d Cir. 2012). But Congress set strict time limits for doing so: "[A] court of appeals may accept an appeal from an order of a district court granting or denying a motion to remand a class action … if

application is made to the court of appeals *not more than 10 days* after

entry of the order." *Id.* (emphasis added).

Here, the deadline for Plaintiffs to file a petition for leave to appeal

was February 22, 2024—10 days after the order denying remand.  But

they failed to file a petition with this Court under Section 1453(c)(1),

timely or otherwise.

Instead, Plaintiffs contend that the district court's denial of remand

is appealable under Section 1291. That contention is frivolous in light of

*Caterpillar*. Nevertheless, in their notice of appeal, Plaintiffs have

invoked four decisions permitting appeals as of right from orders

*granting* remands to state court under CAFA's exceptions. *See Simring

v. GreenSky, LLC*, 29 F.4th 1262 (11th Cir. 2022); *Kitchin v. Bridgeton

Landfill, LLC*, 3 F.4th 1089 (8th Cir. 2021); *Hunter v. City of

Montgomery, Ala.*, 859 F.3d 1329 (11th Cir. 2017); *Louisiana v. i3

Verticals Inc.*, 81 F.4th 483 (5th Cir. 2023).

Each of these cases is inapposite. It is true that certain orders

*granting* a remand to state court—unlike denials of remand motions—

have been deemed final orders under Section 1291. Notably, the Supreme

Court has explained that an "abstention-based remand order" is an

6

appealable final order under Section 1291, pointing out that "[w]hen a district court remands a case to a state court, the district court disassociates itself from the case entirely, retaining nothing of the matter on the federal court's docket." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 709, 714 (1996); *see also Hunter*, 859 F.3d at 1333 ("As a general matter, remand orders are reviewable as final decisions under 28 U.S.C. § 1291.").[1]

Here, of course, that is not the case because the District Court's order *denying* Plaintiffs' motion to remand is not final for purposes of Section 1291. That fact distinguishes each and every one of the cases cited in Plaintiffs' notice of appeal. Indeed, just a few months ago, this Court summarily granted a motion to dismiss an attempted appeal of an order denying remand under nearly identical circumstances. *See*

---

[1] To be sure, orders granting remand motions are generally not appealable as of right because Congress has separately specified, in 28 U.S.C. § 1447(d), that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except" when removals took place under "section 1442 or 1443[.]" But courts have held that Section 1447(d)'s bar on appellate jurisdiction over orders granting remands applies only when the remand occurred based on the grounds identified in Section 1447(c)—namely, a procedural "defect" or a lack of subject matter jurisdiction. Section 1447(d) is irrelevant here because it doesn't apply to orders *denying* remands.

*Palladino v. JPMorgan Chase & Co.*, No. 23-1031, 2023 WL 9188404, at

*1 (2d Cir. Nov. 14, 2023). There, the district court denied the plaintiffs'

motion to remand on the ground that the plaintiffs had failed to establish

that CAFA's local controversy exception applied. *Palladino v. JPMorgan*

*Chase & Co.*, 2023 WL 2023 WL 4034358, at*8 (E.D.N.Y. June 15, 2023).

Like here, the plaintiffs did not file a petition for leave to appeal under

Section 1453, but instead filed a notice of appeal more than 10 days after

the statutory deadline and attempted to invoke this Court's jurisdiction

under Section 1291. *See* Motion to Dismiss, *Palladino v. JPMorgan Chase*

*& Co.*, No. 23-1031 (2d Cir. July 27, 2023), Dkt. 23 at 5. And, just like

here, the plaintiffs also pointed to *Simring* and *Hunter* in arguing that

this Court had jurisdiction over the appeal. *See* Opposition to Motion to

Dismiss, *Palladino v. JPMorgan Chase & Co.*, No. 23-1031 (2d Cir. July

27, 2023), Dkt. 68 at 6-7. But this Court held that the appeal was

"untimely under 28 U.S.C. § 1453(c)(1) and not encompassed by 28 U.S.C.

§ 1291" and that the "case law cited by [the plaintiffs] . . . is

distinguishable." *Palladino*, 2023 WL 9188404, at *1.

    In sum, unlike the cases cited by Plaintiffs, the District Court's

order here denied Plaintiffs' motion to remand. Because the order

necessarily contemplates that litigation will proceed in federal court, it is

not a final and appealable decision under Section 1291. Accordingly, this

Court lacks appellate jurisdiction, and this appeal should be dismissed.

## CONCLUSION

Veolia respectfully requests that the appeal be dismissed for lack of

appellate jurisdiction.

Dated: March 19, 2024              Respectfully Submitted,

                                   MAYER BROWN LLP

                                   By: */s/ Matthew D. Ingber*
                                   Matthew D. Ingber
                                   Benjamin D. Bright
                                   Alina V. Artunian
                                   1221 Avenue of the Americas
                                   New York, NY 10020
                                   (212) 506-2500

                                   Archis A. Parasharami
                                   1999 K Street NW
                                   Washington, DC 20006
                                   (202) 263-3328

                                   *Attorneys for Defendants-*
                                   *Appellees Veolia Water North*
                                   *America-Northeast, LLC and*
                                   *Veolia North America, LLC*

9